| | |
|---|---|
| LOUIS MCDADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 and two supplements to his motion to vacate, which have been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. The Government has moved to dismiss Petitioner's motion. For the reasons stated below, it is recommended that the Government's motion be granted in part, and it is ordered that the Federal Public Defender assign counsel to represent petitioner as directed below.

## BACKGROUND

On March 13, 2006, Petitioner pled guilty, pursuant to a plea agreement, to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Mem. Plea Agreement [DE #61]). The plea agreement provided that Petitioner agreed

> to waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only (1) the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing; and (2) the right to appeal the Court's determination that the Defendant is competent for purposes of 18 U.S.C. § 4241. The Defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an

appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. . . .

(*Id.* ¶ 2(c).) Petitioner appealed to the Fourth Circuit Court of Appeals, arguing that his plea was not knowingly and voluntarily made and that the court erred in refusing to reconsider its competency determination in light of additional evidence presented following the competency hearing. The Fourth Circuit affirmed Petitioner's conviction and sentence by opinion dated January 30, 2008, and the court's mandate issued February 21, 2008. Petitioner did not petition the Supreme Court for a writ of certiorari and his time for doing so expired in May 2008.

On September 23, 2013, Petitioner filed a motion to vacate pursuant to § 2255, asserting that his sentence is unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). Petitioner subsequently filed a motion to supplement his § 2255 motion on August 20, 2015, seeking to add a claim that his sentence is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government has moved to dismiss Petitioner's original § 2255 motion as untimely but has not responded to Petitioner's motion to supplement or amend his § 2255 motion.

## DISCUSSION

**I.    Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's claim pursuant to *Alleyne* and *Descamps* was not filed within one year of any of the circumstances set forth in § 2255(f). Petitioner filed his § 2255 motion more than five years after his judgment became final, and his motion is, therefore, not timely under 28 U.S.C. § 2255(f)(1). Additionally, there is no allegation that the government impeded Petitioner's ability to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2). Nor is Petitioner's motion based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3); *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012). *Alleyne* and *Descamps* do not help Petitioner because they have not been made retroactively applicable to cases on collateral review. *United States v. Stewart*, 540 Fed. App'x 171, 172 n.1 (4th Cir. 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review"); *Scott v. United States*, Nos. 5:08-CR-23-F1, 5:14-CV-308-F, 2015 WL 7281622, *2 (E.D.N.C. Nov. 17, 2015) (collecting cases); *Logan v. United States*, Nos. 7:99-CR-41-F1, 7:14-CV-1000F, 2015 WL 6744169, at *2 (E.D.N.C. Nov. 4, 2015).

Finally, Petitioner's claim is not timely due to newly discovered facts. For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying convictions is not a "new fact" for purposes of triggering the (f)(4)

3

one-year period. *Walton v. United States*, No. 2:07-CR017-1F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (collecting cases). Because the Supreme Court's ruling in *Alleyne* does not constitute a new fact rendering Petitioner's claim timely under § 2255(f)(4) and Petitioner's claim was not filed within one year of any of the other circumstances described in § 2255(f), Petitioner's claim is not timely.

Furthermore, the limitations period should not be equitably tolled. An otherwise time-barred petitioner is entitled to equitable tolling in "'those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, Petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

There is nothing extraordinary or rare about the circumstances in which Petitioner finds himself. There are many individuals in the same procedural dilemma as Petitioner. Moreover, Petitioner was in no way impeded from filing a timely § 2255 motion. To apply equitable tolling to render a § 2255 motion timely because it follows favorable court decisions like *Alleyne* and *Descamps* would severely undermine the finality of judgments and the purpose of the one-year limitations period set forth in § 2255. Finding no extraordinary circumstances that prevented Petitioner from timely filing, the undersigned counsels against equitable tolling in this case and recommends that the claims set forth in Petitioner's original § 2255 motion be dismissed as untimely.
4

## II. *Johnson v. United States*, 135 S. Ct. 2551 (2015)

On August 20, 2015, Petitioner moved to amend his § 2255 motion to assert a claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). On October 16, 2015, the court entered a standing order appointing the Federal Public Defender to represent any eligible defendant serving a federal sentence in order "to determine whether that defendant may qualify for post-conviction relief pursuant to *Johnson* . . . and if so, to assist the defendant in obtaining such relief." Standing Order, No. 15-SO-2 (E.D.N.C. Oct. 16, 2015). As Petitioner meets the criteria for appointment of counsel pursuant to 15-SO-2, the Federal Public Defender is directed to assign counsel to represent Petitioner for the limited purposes set forth in 15-SO-2. Appointed counsel shall have forty-five (45) days from the date of this order to file any supplemental briefing regarding Petitioner's *Johnson* claim. The government shall respond to Petitioner's *Johnson* motion and any supplemental briefing within thirty (30) days of service of such supplemental briefing or within thirty (30) days after the supplemental briefing period has expired in the event no supplemental briefing is filed.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the Government's motion [DE #94] be GRANTED in part and the claim set forth in Petitioner's § 2255 motion filed September 23, 2013 [DE #90] be DISMISSED as untimely. It is further ORDERED that

(1) the Federal Public Defender assign counsel to represent Petitioner for the limited purposes set forth in 15-SO-2;

(2) counsel for Petitioner shall have forty-five (45) days from the date of this order to file any supplemental briefing regarding Petitioner's *Johnson* claim; and

(3) the Government shall respond to Petitioner's *Johnson* motion and any supplemental briefing within thirty (30) days of service of such supplemental briefing or within thirty (30) days after the supplemental briefing period has expired in the event no supplemental briefing is filed.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Petitioner. Petitioner is hereby advised as follows:

You shall have until April 11, 2016, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins,* 766 F.2d 841, 846-47 (4th Cir. 1985).

This 25th day of March 2016.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge