IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-00252-F-1
No. 5:13-CV-00672-F

LOUIS McDADE,                          )
              Petitioner,              )
                                       )
       v.                              )          O R D E R
                                       )
UNITED STATES OF AMERICA,              )
              Respondent.              )

This matter is before the court on the Order and Memorandum and Recommendation

("M&R") [DE-103] of United States Magistrate Judge Kimberly A. Swank regarding the

Government's Motion to Dismiss [DE-94] Louis McDade's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-90]. Also before the court are McDade's

two Motions to Amend [DE-98, -99]. The issues have been fully briefed, and the matters are

now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is

ALLOWED, McDade's Motion to Vacate is DISMISSED, his first Motion to Amend is

DISMISSED, and his second Motion to Amend is DENIED.

## I. Discussion

### A. Motion to Vacate

#### 1. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a

*de novo* determination of those portions of the recommendation to which specific objections are

made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On March 25, 2016, the Magistrate Judge issued a M&R recommending that the Government's Motion to Dismiss [DE-94] be ALLOWED in part and the claim set forth in McDade's Motion to Vacate [DE-90] be DISMISSED as untimely. The Magistrate Judge assigned the Federal Public Defenders Office to represent McDade for the limited purposes set forth in Standing Order No. 15-SO-2 (E.D.N.C. Oct. 16, 2015). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so.

McDade has filed no objections, and the time for doing expired on April 11, 2016. Upon careful review of the M&R and of the record generally, and having found no clear error, the court hereby ADOPTS the recommendation of the Magistrate Judge.

**B. Motions to Amend**

**1. Legal Standard**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

2

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct appellate review of his conviction. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit Court of Appeals has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

### 2. McDade's First Motion to Amend

In his first Motion to Amend, McDade seeks to amend his Motion to Vacate to add a claim pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013). Mot. Amend [DE-98] at 1.

3

McDade's direct appeal was denied on January 30, 2008. *See* Unpublished Opinion [DE-85]. McDade filed a petition for writ of certiorari with the United States Supreme Court, but it was denied on April 14, 2008. [App. DE-68]. Thus, McDade's conviction became "final" pursuant to § 2255(f)(1) on April 14, 2008. *Clay v. United States*, 537 U.S. 522 (2003); *Clark v. United States*, No. 1:08CR48-1, 2015 WL 7302256, at *2 (M.D.N.C. Nov. 18, 2015) ("Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review.") McDade had until April 14, 2009 to file a § 2255 claim. McDade's first Motion to Amend was filed on June 2, 2014, at the earliest.[1] Because McDade filed his motion more than five years after his conviction became final, it is untimely under § 2255(f)(1). McDade's motion is also untimely under § 2255(f)(2) because he has not alleged that the government impeded his ability to file his motion. *See* 28 U.S.C. § 2255(f)(2). Moreover, McDade's motion is not based upon a newly recognized right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Specifically, *Descamps* has not been made retroactively applicable to cases on collateral review. *See Brackett v. United States*, Nos. 3:15-CV-6, 3:08-CR-56, 2015 WL 4644670, at *4 (N.D.W.Va. Aug. 4, 2015) (citing *Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman,* 581 F. App'x 750, 753 (11th Cir. 2014); *Baker v. Chapa,* 578 F. App'x 464, 465 (5th Cir. 2014) (per curiam); *United States v. Montes,* 570 F.

---

[1] A prisoner's habeas filing is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. McDade dated his signature on his first Motion to Amend as June 2, 2014. *See* Mot. Amend [DE-98] at 1.

4

App'x 830, 831 (10th Cir. 2014); *United States v. Tenderholt*, No. 14-8051, 2014 WL 7146025, at *1-2 (10th Cir. Dec. 16, 2014)). Accordingly, McDade cannot rely on *Descamps* to render his motion timely under § 2255(f)(3).

McDade's motion is also not timely due to newly discovered facts. *See* 28 U.S.C. § 2255(f)(4). For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's *own* underlying conviction is not a "new fact" for purposes of triggering the § 2255(f)(4) one-year period. *Thaggard v. United States*, No. 4:02–CR–41–1H, 2013 WL 81380, at *2 (E.D.N.C. Jan. 7, 2013); *Dailey v. United States*, No. 7:06–CR–36–BO, 2012 WL 5471156, at *1 (E.D.N.C. Nov. 9, 2012); *United States v. Hardison*, No. 4:08–CR–77–FL–2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011).

In light of the foregoing, McDade's motion is not timely under any of the circumstances set forth in § 2255(f). Consequently, McDade's first Motion to Amend [DE-98] will be DISMISSED as time-barred.

### 3. McDade's Second Motion to Amend

In his second Motion to Amend, McDade seeks to amend his Motion to Vacate to add a claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Amend [DE-99] at 1-2.

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e) if it

5

"otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court, however, did not strike the enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563; *Craig v. United States*, Nos. 3:15-CV-344-FDW, 3:07-CR-FDW-1, 2016 WL 183495, at *2 (W.D.N.C. Jan. 14, 2016). Burglary is an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Fourth Circuit Court of Appeals has held that the North Carolina offense of breaking and entering qualifies as a burglary under § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014).

*Johnson* offers McDade no relief because he has three convictions for North Carolina breaking and entering that occurred on occasions separate from one another. *See* PSR at 4 ¶ 11; PSR at 7 ¶ 16. Consequently, McDade's second Motion Amend [DE-99] will be DENIED on the basis that amendment would be futile.

## II. Conclusion

For the reasons stated in the Magistrate Judge's Order and M&R, in addition to the foregoing reasons, it is ORDERED that the Government's Motion to Dismiss [DE-94] is ALLOWED and McDade's Motion to Vacate [DE-90] is DISMISSED. It is further ORDERED that McDade's first Motion to Amend [DE-98] is DISMISSED and his second Motion to Amend [DE-99] is DENIED. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.[2]

---

[2] A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists

6

SO ORDERED.

This, the ___9th___ day of June, 2016.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

7